*16-1376-cv*
*Bouveng v. NYG Capital LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand seventeen.

PRESENT:  AMALYA L. KEARSE,
               GUIDO CALABRESI,
               JOSÉ A. CABRANES,
                       *Circuit Judges.*

_____

HANNA BOUVENG,

          *Plaintiff-Appellee,*                    16-1376-cv

          v.

NYG CAPITAL LLC, DOING BUSINESS AS NEW YORK GLOBAL GROUP, INC. DOING BUSINESS AS FNL MEDIA LLC, BENJAMIN WEY, FNL MEDIA LLC,

          *Defendants-Appellants.*

_____

**FOR PLAINTIFF-APPELLEE:**        PERRY FALLICK (Benedict P. Morelli *on the brief*), Morelli Law Firm, New York, NY.

**FOR DEFENDANTS-APPELLANTS:**        GLENN COLTON, Dentons US LLP, New York, NY.

Appeal from the judgment of the United States District Court for the Southern District of New York (Paul G. Gardephe, *Judge*).

1

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of jurisdiction.

Defendants-appellants NYG Capital LLC, Benjamin Wey, FNL Media LLC (collectively, "Defendants") appeal the May 10, 2016 amended judgment of the district court, denying their motion for judgment as a matter of law and for a new trial as to liability and granting in part their motion for remittitur as to damage awards.[1] On appeal, they argue that we should vacate the district court's judgment and order a new trial on defamation, or alternatively remit the damages awarded to a level more consistent with First Amendment and Due Process requirements, in addition to granting relief on a number of additional alleged errors. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We need not reach the merits of this appeal because the amended judgment is not final. The Plaintiff's breach of contract claim remains pending before the district court. Under Federal Rule of Civil Procedure 54(b), when any claim for relief is pending before the district court, a judgment is not deemed final unless, with due consideration for the "historic federal policy against piecemeal appeals," *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980) (internal quotation marks omitted), the district court certifies the amended judgment as final, accompanied by an explanation of why there is "no just reason for delay" of appellate review. Fed. R. Civ. P. 54(b); *see also HBE Leasing Corp. v. Frank*, 48 F.3d 623, 632 (2d Cir. 1995) (holding that order that did not resolve all the claims in the action was interlocutory and was not appealable because there was no Rule 54(b) certification). Here, appropriate certification has neither been sought nor issued. Accordingly, we lack jurisdiction to hear this appeal.

For the foregoing reasons, we **DISMISS** this appeal for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



---

[1] Plaintiff-appellee Hanna Bouveng brought an action alleging claims of: (1) *quid pro quo* sexual harassment under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"); (2) retaliation under the NYSHRL and NYCHRL; (3) defamation; and (4) assault and battery. After a ten-day trial, a jury returned a verdict in favor of the Plaintiff on all claims except the assault and battery claims. The jury awarded over $18 million in compensatory and punitive damages to the Plaintiff. The Defendants moved for remittitur concerning the damages award, and the district court granted it in part. On April 11, 2016, Bouveng accepted the remittitur and an amended judgment totaling approximately $5.7 million in damages was entered on May 10, 2016.